PEOPLE, PLAINTIFF AND APPELLEE, *v.* VILLAVEITÍA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Libel.

No. 940.—Decided July 3, 1916.

LIBEL — IDENTIFICATION OF COMPLAINANT—COMPLAINT. — A complaint for libel made in a municipal court by the sanitary officer of the municipality, as such officer, and signed by him both as complainant and as local health officer, which charges that defendant, as author of the libelous matter, caused the same to be published with the intention of ''defaming the sanitary officer'' of such municipality and of ''impugning his honesty and integrity as such public official, exposing him to public odium and ridicule,'' sufficiently identifies complainant as the person referred to in the libelous publication.

The facts are stated in the opinion.

*Mr. Ramón P. Rodríguez Alberty* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Defendant, appellant, was convicted of libel, first in the municipal court and thereafter in the District Court of Humacao, on a complaint which reads as follows:

''I, José A. Díaz, sanitary officer, resident of Fajardo, No. 45 Celis Aguilera street, forty-four years of age, charge J. J. Villaveitía with the offense of libel (violation of section 243 of the Penal Code) committed in the following manner:

''On a date prior to March 24, 1915, in Fajardo of the municipal judicial district of Fajardo, the accused signed and sent to the newspaper *Unión Obrera,* published in Mayagüez, P. R., an article for publication in the said newspaper, which article was so published in fact and circulated publicly in this city in No. 67 (issue of March 24, 1915), among others, of said newspaper, a part of said article so published being as follows:

''The employees of the sanitation service in Fajardo do not com-

ply with their duties on account of accommodating influential persons who monopolize the commerce and industries, etc., etc. On Monday, the 15th instant, several persons, among them bakers, complained to the sanitary officer of this place that on the night before, bread had been made of flour which contained weevil. He was informed further that 46 sacks of the same bad flour were stored in the establishment of Jesús Bird Belona. The said public functionary sent the inspector to investigate the case. The inspector went, investigated and marked the sacks—better said, all of the sacks, for there was not one of good flour—but unfortunately did not dare (nor did the chief officer) to confiscate the flour because it belonged to Mr. Bird.

"Although the paragraphs transcribed are signed with the pseudonym of 'Don Simplicio' the accused is the sole author of the same and caused the article to be published with the malicious intention of defaming the sanitary officer of Fajardo and of impugning his honesty and integrity as such public functionary, exposing him to public odium and ridicule, and, furthermore, the charges so made are false. (Signed) José A. Díaz, complainant, Local Chief of Sanitation."

Appellant insists that the complaint does not charge an offense in that it fails to show that the article published by defendant refers to complainant, inasmuch as it does not appear that complainant was in fact at the time of such publication the health officer of Fajardo, and in that the alleged defamatory matter does not tend to impeach the honesty, integrity, virtue or reputation of complainant.

While the complaint leaves something to be desired in the way of identification of complainant as the person referred to in the libelous publication, and, were it an information, perhaps might be open to criticism in this regard, we think the opening and closing paragraphs thereof, taken together, sufficiently establish this element of the offense.

The contention that the offensive language is not libelous within the meaning of section 243 of the Penal Code is too frivolous for serious discussion.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.